### 11981. HICKOX v. THE STATE.

BLOODWORTH, J. 1. Motions to continue are addressed to the sound legal discretion of the court. Penal Code (1910), § 992. When all the facts shown on the motion to continue this case are considered, especially in connection with the qualifying note of the judge to this ground of the motion, we cannot say that the judge abused his discretion in over-ruling the motion to continue.

2. The court did not err in refusing to charge the jury as requested by the defendant, nor in failing to charge as complained of in the amend-ment to the motion for a new trial, as neither the evidence nor the statement of the defendant would support a charge that the defendant took the hog under a fair claim of right. The indictment charges that the hog was stolen on December 16, 1917, and the evidence for the State, which the jury believed, supports this allegation and shows that this was Sunday. In his statement the defendant expressly affirmed that he was "innocent of butchering any hog on Sunday," and, as to the larceny on Sunday, his sole defense was alibi.

(a) The court is not bound to give a charge requested which, though ab-stractly correct, is not fairly adjusted to the case on trial. *Smalls* v. *State*, 99 *Ga.* 26(3) (25 S. E. 614).

(b) The court should not give a requested charge unless there be evidence to support it. *Nutzel* v. *State*, 60 *Ga.* 265(3).

(c) The accused "can not complain that the court failed to submit to the jury a theory which was negatived not only by his own statement, but by the evidence which he introduced and asked the jury to accept as the real truth of the case." *McDaniel* v. *State*, 100 *Ga.* 68(2) (27 S. E. 158).

3. The jury, on conflicting evidence, found the defendant guilty; the ver-dict was approved by the trial judge; no error of law committed, and this court can not interfere.

　　　　　*Judgment affirmed.* *Broyles, C. J., and Luke, J., concur.*

　　　　　　　　DECIDED MARCH 8, 1921.

Indictment for larceny; from Charlton superior court — Judge Summerall. July 24, 1920.

Hickox was tried at the October term, 1919, upon an indict-ment found at the March term, 1918, which charged the larceny of a black barrow hog, marked crop and underbit in one ear and swallow-fork in the other, the property of H. N. Mizell. The motion for a continuance was based on the absence of Fred Jones, who, it was stated, had been subpœnaed as a witness for the de-fendant. In his showing for a continuance the movant said: " I expect to show by this witness that I bought this hog from him that it is alleged I took. There is one witness here, I think, that knows I bought some hogs from him, but he doesn't know about this particular hog. I do not know why this Mr. Jones is not

here; he is not absent by my consent or procurement. . . There are lawyers prosecuting me in this case, — Col. McQueen; he was before the last term of the court, . . and he told me it was continued by consent of the court, and not to have the witness here. I don't know as he said anything about the case not being tried. He did tell me that the case was not going to be tried. I reported that fact to the witness, and we went back home Monday morning. I was here yesterday all day. Mr. McQueen told me that the case would not be tried in that court; he didn't tell me that it would never be tried; . . he just told me it was continued by consent of the court. I told this witness not to come at this term of the court, but to wait until the next term. He was here at the last term of the court. On Monday the clerk subpœnaed him, and I gave it to him myself. The subpœna called him to come from term to term. . . I did not make an effort to get an order from the court to attach this witness. . . I have made no effort at this court to get him here. . . He is supposed to be in Savannah. . . I don't know where he is. . . I have seen letters from there from him. . . I have notified him since the last term of court that I would need him at the next term of court. I did not ask my lawyers this morning to get him here. . . I bought a bunch of hogs from him, 12 or 15, about four years ago — I don't remember what year, but it has been two or three years. . . They were wild hogs. The dogs bayed them in the woods, and he showed them to me; he just showed me the bunch, and this hog I killed was in the bunch. I killed the hog on Saturday evening. I don't remember exactly the marks; there were two. . . I have talked to the witness and know what he will swear about this particular hog that I am billed for; he will swear that he sold me the hog as described in this indictment. . . Mr. Jones will swear that he sold me all his claim. He did not know how many he owned. . . I don't know what he will swear about this hog I was billed with; he won't swear that he sold me the hog that I am billed for stealing." The movant stated that the absent witness lived in Camden county until shortly before the last term of court, that he expected " to try and have " the witness present at the next term, and that the motion was not made for delay.

The trial judge, in his certificate approving the grounds of the

motion for a new trial, said: "After the within motion for a continuance was completed, the court continued the case until the next day. I told the attorney for the defendant, in defendant's presence, that if he wanted the absent witness for the defendant, he had better get an attachment for him. There was no attachment requested or issued for said absent witness, and the case was called the next day for trial and tried. Counsel for the defendant, on the day said case was tried, stated he was not ready for trial, but he did not renew his motion for a continuance."

*James R. Thomas, Parker & Parker, A. C. Franks,* for plaintiff in error. *A. B. Spence, solicitor-general,* contra.